UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
 :
LESLIE CHEEKS, :
 :
                        Plaintiff, :
 :     23-CV-2170 (JMF)
            -v- :
 :    MEMORANDUM OPINION
MONTEFIORE MEDICAL CENTER et al., :         AND ORDER
 :
                        Defendants. :
 :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      Plaintiff Leslie Cheeks, who proceeds here without counsel, worked at Montefiore Medical Center ("Montefiore") for twenty-three years. *See* ECF No. 52, at 2; ECF No. 30 ("FAC"), at 5.[1] On or about October 30, 2021, she was fired for failure to comply with a state-mandated COVID-19 vaccine requirement — after her requests for a religious exemption and accommodation were denied. *See id.*; ECF No. 30-1, at 1, 6-7. Thereafter, she brought this lawsuit against Montefiore; 1199SEIU United Healthcare Workers East (the "Union"), the union to which she belonged; and 1199SEIU National Benefit and Training Fund (the "Fund"), the fund that administered her employee welfare benefit plan. Defendants now move, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss. *See* ECF Nos. 37, 40, 43. For the reasons that follow, the motions must be and are granted.

---

[1]     The following facts are drawn from Cheeks's Amended Complaint and assumed to be true. *See, e.g.*, *Kleinman v. Elan Corp., PLC*, 706 F.3d 145, 152 (2d Cir. 2013). Because Cheeks proceeds *pro se*, the Court also considers her other submissions, at least for context and clarification. *See, e.g.*, *Le Grand v. Evan*, 702 F.2d 415, 416 n.3 (2d Cir. 1983).

## DISCUSSION

Cheeks's Amended Complaint is not a model of clarity, but must be construed liberally because she is *pro se*. *See, e.g.*, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009); *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006). Construing it *very* liberally, the Court treats it as raising the following federal claims: a claim against all Defendants for violation of the First Amendment's Free Exercise Clause; a claim against all Defendants for religious discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*; a claim against the Fund under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001-1461; and a claim against the Union for breach of the duty of fair representation under the National Labor Relations Act ("NLRA"), 29 U.S.C. §§ 151-69. The Court will address each claim in turn and then address any potential state-law claims.

### A. First Amendment Claims

First, Cheeks alleges that Defendants violated her "constitutional right to freedom of religion." FAC 5. That claim fails for the simple reason that Defendants are not state actors. It is well established that the First Amendment and 28 U.S.C. § 1983 ("Section 1983"), the statute through which a constitutional claim can be brought against non-federal parties, *see, e.g.*, *Albright v. Oliver*, 510 U.S. 266, 271 (1994); *Williams v. Colby*, No. 22-CV-4022 (LTS), 2022 WL 2819579, at *2 (S.D.N.Y. July 18, 2022), apply only to state actors, *see Grogan v. Blooming Grove Volunteer Ambulance Corps*, 768 F.3d 259, 263 (2d Cir. 2014). Absent an action "fairly attributable to the state," *Fabrikant v. French*, 691 F.3d 193, 207 (2d Cir. 2012) (internal quotation marks omitted), which Cheeks does not allege, Montefiore, as a private hospital, is not a state actor for purposes of Section 1983 or the First Amendment, *see, e.g.*, *Antwi v. Montefiore Med. Ctr.*, No. 14-CV-840 (ER), 2014 WL 6481996, at *5-6 (S.D.N.Y. Nov. 18, 2014). Nor are the Union and the Fund. *See, e.g.*, *Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir.

2

2002) ("Labor unions . . . generally are not state actors . . . ."); *Holmes v. Health First*, No. 22-CV-6683 (LTS), 2022 WL 4134700, at *2-3 (S.D.N.Y. Sept. 8, 2022) (dismissing a Section 1983 claim against a "private health-insurance provider" where plaintiff alleged no facts showing that the provider "conducted itself as a state actor").

The fact that Cheeks's termination may have been precipitated by New York State's COVID-19 regulations does not alter the conclusion that Defendants are not state actors for purposes of the First Amendment and Section 1983. The relevant provision of New York law, N.Y. Comp. Codes R. & Regs. tit. 10, § 2.61 (2021) ("Section 2.61"), provided only that health care employees who refused to comply with the vaccine mandate could not be employed in a manner that qualified them as "personnel" under the regulation. *See We The Patriots USA, Inc. v. Hochul*, 17 F.4th 368, 370 (2d Cir. 2021). That is, Montefiore could comply with the law by employing Cheeks in a position that did not fall within the regulation's definition of "personnel." *See id.* It follows that Montefiore, not New York State, made the decision to terminate Cheeks rather than alter her employment in order to comply with applicable regulations — and that that decision cannot be fairly attributable to the state. *See, e.g.*, *Moore v. Montefiore Med. Ctr.*, No. 22-CV-10242 (ER), 2023 WL 7280476, at *7 (S.D.N.Y. Nov. 3, 2023) (dismissing a constitutional claim against Montefiore based on the termination of an employee for failure to comply with Montefiore's vaccine mandate because plaintiff failed to "allege[] any facts that demonstrate Montefiore is in any way controlled by the state"); *Doe v. Hochul*, No. 3:21-CV-1078 (DNH), 2022 WL 446332, at *5 (N.D.N.Y. Feb. 14, 2022) (holding that a private hospital's decision to suspend or terminate employees who refused to get vaccinated did not constitute state action merely because it complied with Section 2.61); *Deniran v. Museum of Mod. Art*, No. 21-CV-9660 (RA) (SN), 2022 WL 3030508, at *2 (S.D.N.Y. June 17, 2022) ("That [Defendant] is regulated by New York law with regards to its vaccination policy cannot alone transform it or its

personnel into state actors." (internal quotation marks omitted)), *report and recommendation adopted*, 2022 WL 3030513 (S.D.N.Y. Aug. 1, 2022).  Accordingly, Cheeks's claims under the First Amendment and Section 1983 must be and are dismissed.

### B. Title VII and ERISA Claims

Next, any claims under Title VII or ERISA fail for the same threshold reason: failure to allege administrative exhaustion.  To bring a claim under either statute, a plaintiff must first exhaust her administrative remedies — in the case of Title VII, by filing a timely charge with the Equal Employment Opportunity Commission ("EEOC") and receiving a right-to-sue letter from the EEOC, *see* 42 U.S.C. § 2000e-5(e) and (f); *Legnani v. Alitalia Linee Aeree Italiane, S.P.A*, 274 F.3d 683, 686 (2d Cir. 2001), and in the case of ERISA, by pursuing the appeals process under the employee benefit plan, *see, e.g.*, *Eastman Kodak Co. v. STWB, Inc.*, 452 F.3d 215, 219 (2d Cir. 2006); *Neurological Surgery, P.C. v. Aetna Health Inc.*, 511 F. Supp. 3d 267, 296 (E.D.N.Y. 2021).  If a plaintiff fails to allege in her complaint that she exhausted the applicable administrative remedies, her claims under Title VII and ERISA are subject to dismissal on a Rule 12(b)(6) motion.  *See, e.g.*, *Sackett v. Dirlam*, No. 6:22-CV-6245 (EAW), 2023 WL 4206520, at *4-5 (W.D.N.Y. June 26, 2023) (dismissing claims under Title VII for failure to allege exhaustion and citing cases); *Neurological Surgery*, 511 F. Supp. 3d at 296 (dismissing claims under ERISA for failure to allege exhaustion and citing cases).  To the extent that Cheeks alleges claims under either or both Title VII and ERISA, she fails to allege in her Amended Complaint that she exhausted the relevant administrative remedies; nor does she assert that she did so in her opposition to Defendants' motions, even though they raised the issue of exhaustion in their initial memoranda of law.  *See* ECF No. 38, at 5-6; ECF No. 45, at 10.  Accordingly, any claims under Title VII and ERISA must be and are dismissed for failure to exhaust.

### C. Breach of the Duty of Fair Representation Claim

The final federal claim that can be read into Cheeks's Amended Complaint is one against the Union for breach of its duty of fair representation. *See* FAC 5 (alleging that the termination of Cheeks's benefits fifteen days before her termination demonstrates that the "[U]nion failed to properly represent [her]"). That claim is also rejected for a straightforward reason: It is patently untimely. A plaintiff alleging breach of the duty of fair representation must file a claim within six months of the date on which she "knew or reasonably should have known that [the breach] had occurred." *Kavowras v. N.Y. Times Co.*, 328 F.3d 50, 55 (2d Cir. 2003); *see* 29 U.S.C. § 160(b); *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 169 (1983). In her Amended Complaint, Cheeks alleges that her health benefits were terminated on October 16, 2021, and that her employment was terminated on October 30, 2021. *See* FAC 5. Exhibits attached to her Amended Complaint further reveal that she was notified via mail of the termination of her benefits on or about December 15, 2021. *See* ECF No. 30-1, at 2-3. At the latest, therefore, Cheeks had to file any claim for breach of the duty of fair representation by June 15, 2022. Yet she did not file this lawsuit until January 30, 2023. *See* ECF No. 1-1. Accordingly, it is clear from the face of Cheeks's own Amended Complaint that any claim for breach of the duty of fair representation is barred by the statute of limitations. *See, e.g.*, *Ellul v. Congregation of Christian Bros.*, 774 F.3d 791, 798 n.12 (2d Cir. 2014) (noting that while timeliness is typically an affirmative defense, a court may grant a motion to dismiss on the basis of a statute of limitations when the deficiency is clear from the face of the complaint).

### D. State-Law Claims

For the foregoing reasons, all of Cheeks's potential federal claims must be and are dismissed. In light of that, the Court declines to exercise supplemental jurisdiction over Cheeks's state-law claims to the extent that she pleads any. Under 28 U.S.C. § 1367(a), a district

5

court has discretion over whether to exercise supplemental jurisdiction over state-law claims "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." The Supreme Court and the Second Circuit have made clear, however, that as a general rule, "when the federal claims are dismissed the 'state claims should be dismissed as well.'" *In re Merrill Lynch Ltd. P'ships Litig.*, 154 F.3d 56, 61 (2d Cir. 1998) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)); *accord Pension Benefit Guar. Corp. ex rel. St. Vincent Catholic Med. Ctrs. Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705, 727 (2d Cir. 2013). Here, there is no basis to depart from that general rule because the case is still at an early stage. Thus, the traditional "values of judicial economy, convenience, fairness, and comity" that the Court must consider do not counsel in favor of exercising supplemental jurisdiction. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988). Accordingly, Cheeks's state-law claims (to the extent she pleads any) are dismissed without prejudice to refiling them in state court. *See* 28 U.S.C. § 1367(c)(3); *see also, e.g.*, *United States ex rel. Borzilleri v. AbbVie, Inc.*, No. 15-CV-7881 (JMF), 2019 WL 3203000, at *3 (S.D.N.Y. July 16, 2019).

## CONCLUSION

For the foregoing reasons, Cheeks fails to plead any federal claim "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Accordingly, Defendants' motions to dismiss must be and are granted. That dismissal is without prejudice to the refiling of any state-law claims in state court. The Court declines, however, to *sua sponte* grant Cheeks leave to amend her federal claims. Although leave to amend a pleading should be freely given "when justice so requires," Fed. R. Civ. P. 15(a)(2), and courts should generally grant *pro se* plaintiffs leave to amend "at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated," *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)

(per curiam), "it is within the sound discretion of the district court to grant or deny leave to amend," *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007). The Court already granted Cheeks leave to amend, and she has neither sought leave to amend again nor suggested that she possesses any additional facts that could cure the defects in her dismissed claims. *See, e.g.*, *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *Fischman v. Mitsubishi Chem. Holdings Am., Inc.*, No. 18-CV-8188 (JMF), 2019 WL 3034866, at *7 (S.D.N.Y. July 11, 2019) (declining to grant leave to amend as to certain claims in the absence of any suggestion that additional facts could remedy defects in the plaintiff's pleading). Furthermore, in granting her leave to amend previously, the Court expressly warned Cheeks that she would "not be given any further opportunity" to amend the Complaint. *See* ECF No. 24. In light of these circumstances, the Court will not *sua sponte* grant leave to amend. *See, e.g.*, *Overby v. Fabian*, No. 17-CV-3377 (CS), 2018 WL 3364392, at *14 (S.D.N.Y. July 10, 2018) ("Plaintiff's failure to fix deficiencies in his previous pleading, after being provided ample notice of them, is alone sufficient ground to deny leave to amend *sua sponte*.").

      The Clerk of Court is directed to terminate ECF Nos. 37, 40, and 43, to enter judgement consistent with this Memorandum Opinion and Order, and to close this case.

      SO ORDERED.

Dated: November 27, 2023  
      New York, New York

                                                JESSE M. FURMAN  
                                                United States District Judge