**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------------------X
LESLIE CHEEKS,

                 Plaintiff,

   -against-                                          23 **CIVIL** 2170 (JMF)

                                                        **JUDGMENT**

MONTEFIORE MEDICAL CENTER et al.,

                 Defendant.
-----------------------------------------------------------------------------X

      It is hereby **ORDERED, ADJUDGED AND DECREED:** That for the reasons stated in the Court's Memorandum Opinion and Order dated November 28, 2023, Defendants' motions to dismiss must be and are granted. That dismissal is without prejudice to the refiling of any state-law claims in state court. The Court declines, however, to sua sponte grant Cheeks leave to amend her federal claims. Although leave to amend a pleading should be freely given "when justice so requires," Fed. R. Civ. P. 15(a)(2), and courts should generally grant pro se plaintiffs leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated," Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795 (2d Cir. 1999) (per curiam), "it is within the sound discretion of the district court to grant or deny leave to amend, McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 200 (2d Cir. 2007). The Court already granted Cheeks leave to amend, and she has neither sought leave to amend again nor suggested that she possesses any additional facts that could cure the defects in her dismissed claims. See, e.g., Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000); Fischman v. Mitsubishi Chem. Holdings Am., Inc., No. 18-CV-8188 (JMF), 2019 WL 3034866, at *7 (S.D.N.Y. July 11, 2019) (declining to grant leave to amend as to certain claims in the absence of

any suggestion that additional facts could remedy defects in the plaintiff's pleading). Furthermore, in granting her leave to amend previously, the Court expressly warned Cheeks that she would "not be given any further opportunity" to amend the Complaint. See ECF No. 24. In light of these circumstances, the Court will not sua sponte grant leave to amend. See, e.g., Overby v. Fabian, No. 17-CV-3377 (CS), 2018 WL 3364392, at *14 (S.D.N.Y. July 10, 2018) ("Plaintiff's failure to fix deficiencies in his previous pleading, after being provided ample notice of them, is alone sufficient ground to deny leave to amend sua sponte.").

**Dated:**  New York, New York

       November 28, 2023

**BY:**      **RUBY J. KRAJICK**
**Clerk of Court**

_____

**Deputy Clerk**